UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMES WHATLEY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:09-cv-1060-DFH-TAB |
| ) | |
| CITY OF MARION COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Complaint
and Directing Further Proceedings**

**I.**

On August 26, 2009, Plaintiff James Whatley filed his complaint, but failed to pay the filing fee. Attached to the complaint is a certified statement of his inmate trust fund account. This statement is understood to be the plaintiff's request to proceed *in forma pauperis* (dkt 1, p 4). As so understood, this request is **granted.** The plaintiff is assessed an initial partial filing fee of One Dollar and Ninety Cents ($1.90). He shall have **through September 24, 2009,** in which to pay this sum to the clerk of the district court.

**II.**

This civil rights complaint brought pursuant to 28 U.S.C. § 1983 is subject to the screening required by 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.; see Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006).

**A.**

The plaintiff has named the "City of Marion County, Employees Responsible, Khevin Watterson, Officer Trincado" as defendants. The plaintiff alleges that in August of 2007, he was arrested and charged with possessing a controlled substance, obstruction of justice, and resisting law enforcement. He alleges that excessive force was used during the course of his arrest, the charges were printed in a newspaper, and he spent several days in jail before being released. In October of 2007, the charges were dismissed. The plaintiff states that these circumstances violated his First, Fourth, Eighth and Fourteenth Amendment rights.

**B.**

Claims against "Employees Responsible, Khevin Watterson, and Officer Trincado" are dismissed as legally insufficient because there is no allegation of wrongdoing on their part. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

The "City of Marion County" is named as a defendant, but this defendant does not exist. There is no "City of Marion County." Perhaps the plaintiff intended to sue the City of Indianapolis or Marion County. Either way, the plaintiff has failed to state a claim. Although as a municipality Marion County and the City of Indianapolis are "person[s]" subject to suit under § 1983, such a government defendant can be held liable under § 1983 only if it has adopted a "policy or custom" that resulted in the deprivation of the plaintiff's constitutional rights. *Bennett v. Roberts*, 295 F.3d 687, 699 (7th Cir. 2002) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. No allegation of such a municipal policy or custom on the part of Marion County or the City of Indianapolis is alleged here, and hence no viable claim is asserted.

The complaint must be dismissed because it does not "'contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)).

**III.**

The dismissal of the complaint will not, in this case, lead to dismissal of the action at this time. Instead, the plaintiff shall have **through September 29, 2009,** in which to file an **amended complaint.**

The plaintiff is **notified** that *the amended complaint will completely replace and supersede the original complaint. Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999).

In submitting an amended complaint, the plaintiff shall conform to the following guidelines:

> !   The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";

- ! The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

- ! The amended complaint must identify what legal injury she claims to have suffered and what persons are responsible for each such legal injury.

If an amended complaint is filed as directed in this Entry, the court will determine its legal sufficiency and enter whatever order which is warranted. If no amended complaint is filed as directed in this Entry, the action will be dismissed consistent with the dismissal of the complaint ordered in Part II.B.

So ordered.

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: September 14, 2009

Distribution:

Financial Deputy Clerk

James Whatley
127725
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111